UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-61876-GAYLES

**ESTHER MALCA TEPPER-BARAK,**
        **Plaintiff,**

v.

**JM AUTO, INC. d/b/a JM LEXUS,**
        **Defendant.**
_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendant JM Auto, Inc. d/b/a JM Lexus's ("JM Lexus") Motion to Dismiss [ECF No. 8]. The Court has carefully considered the parties' briefs, the Complaint and the exhibits attached thereto, and the applicable law and is otherwise fully advised in the premises. For the reasons that follow, the Defendant's motion to dismiss shall be granted.

### I. BACKGROUND

According to the allegations in the Complaint, on October 26, 2014, Plaintiff Esther Malca Tepper-Barak entered into a contract (the "Contract") with JM Lexus for the purchase of a certified preowned Lexus automobile (the "Vehicle"). Compl. ¶ 3; *see also* Compl. Ex. A. The Contract provides, in pertinent part, that the Vehicle had an odometer reading of 22,746 miles. *Id.* ¶ 6. Based in part on that representation, Tepper-Barak agreed to pay $26,875.34 for the Vehicle. *Id.* Tepper-Barak later obtained a "Car Fax" report regarding the Vehicle, which documents that, on November 29, 2013, the Vehicle had an odometer reading of 62,596 miles. *Id.* ¶ 7.

Tepper-Barak filed a Complaint in this Court on August 5, 2016, alleging a single claim against JM Lexus for violation of the federal Vehicle Information and Cost Savings Act (colloquially known as the "Odometer Act"), 49 U.S.C. § 32701 *et seq.* JM Lexus filed the instant motion to dismiss on September 12, 2016, arguing that Tepper-Barak has failed to state a claim

upon which relief can be granted. Tepper-Barak opposes the motion.

## II.     LEGAL STANDARD

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" meaning that it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a court must accept well-pleaded factual allegations as true, "conclusory allegations . . . are not entitled to an assumption of truth—legal conclusions must be supported by factual allegations." *Randall v. Scott*, 610 F.3d 701, 709-10 (11th Cir. 2010). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff, *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1270 (11th Cir. 2016). At bottom, the question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011).

## III.    DISCUSSION

In order to effectuate its purposes of "prohibit[ing] tampering with motor vehicle odometers" and "provid[ing] safeguards to protect purchasers in the sale of motor vehicles with altered or reset odometers," 49 U.S.C. § 32701(b), the Odometer Act provides:

A person may not—

(1)   advertise for sale, sell, use, install or have installed, a device that makes an odometer of a motor vehicle register a mileage different from the mileage the vehicle was driven, as registered by the odometer within the designed tolerance of the manufacture of the odometer;

(2)   disconnect, reset, alter, or have disconnected, reset, or altered, an odometer of a motor vehicle intending to change the mileage registered by the odometer;

    (3)    with intent to defraud, operate a motor vehicle on a street, road, or highway if the person knows that the odometer of the vehicle is disconnected or not operating; or

    (4)    conspire to violate this section or section 32704 or 32705 of this title.

*Id.* § 32703.

The Act provides several different methods of enforcement, *see Bodine v. Graco, Inc.*, 533 F.3d 1145, 1149-50 (9th Cir. 2008), including a private cause of action "to recover money damages from those that violate its provisions with the intent to defraud," *Owens v. Samkle Automotive Inc.*, 425 F.3d 1318, 1321 (11th Cir. 2005). Specifically, this provision states that "[a] person that violates this chapter or a regulation prescribed or order issued under this chapter, with intent to defraud, is liable for 3 times the actual damages or $10,000, whichever is greater." 49 U.S.C. § 32710(a). In this Circuit, to survive a motion to dismiss, a complaint **must** allege "all of the **necessary elements** required for a private cause of action pursuant to this statute: (1) that the defendant violated the Act or its regulations, (2) with intent to defraud." *Owens*, 425 F.3d at 1321 (emphasis added).[1]

Because a private cause of action requires the allegation of an intent-to-defraud, courts have held that Federal Rule of Civil Procedure 9(b) applies to pleading Odometer Act claims. *See, e.g.*, *Whitley Int'l Co. v. Pyne RV Rentals, Inc.*, No. 15-2887, 2016 WL 3090322, at *5 (C.D. Cal. May 31, 2016); *Baxter v. Kawasaki Motors Corp., U.S.A.*, No. 07-6745, 2008 WL 8901361, at *2 (N.D. Ill. July 17, 2008). "To satisfy the Rule 9(b) standard, [a plaintiff] must allege: (1) the precise statements, documents, or misrepresentations made; (2) the time and place of and person responsible for the statement; (3) the content and manner in which the statements misled the Plaintiffs; and (4) what the Defendants gained by the alleged fraud." *Miccosukee Tribe of Indians v.*

---

[1] "[T]he plain and ordinary meaning of the phrase 'intent to defraud' envisions conduct more invidious than mere negligence," *Jones v. Hanley Dawson Cadillac Co.*, 848 F.2d 803, 807 (7th Cir. 1988), and such intent "may be established through proof of a violation of the statute made with the specific intent to deceive or a reckless disregard" for the truth, *CDM Auto Wholesale, Inc. v. Jensen*, 31 F. App'x 621, 623 (10th Cir. 2002). *See also Owens*, 425 F.3d at 1321 ("[T]he statute's meaning is clear—if you violate the Odometer Act, and you do so with the intent to defraud your victim in any respect relating to the Odometer Act or the regulations passed pursuant to it, you are liable.").

3

*Cypress*, 814 F.3d 1202, 1212 (11th Cir. 2015) (citation omitted). The particularity requirement of Rule 9(b) does not apply to states of mind such as intent, however, which "may be alleged generally." Fed. R. Civ. P. 9(b). However, even assuming *arguendo* that Tepper-Barak has pled with particularity the *circumstances* constituting the alleged fraud, the Court finds that she has wholly failed to allege any *intent* to defraud on the part of JM Lexus, generally or otherwise. For that reason alone, her claim must be dismissed.

\* \* \*

Tepper-Barak requests, within her opposition to the motion to dismiss, that if "the Court finds that [JM Lexus] is correct, . . . the order be entered without prejudice to permit the Plaintiff to file an amended complaint." Pl.'s Opp'n at 2. Federal Rule of Civil Procedure 15(a)(1) provides that a party may amend her pleading once as a matter of course within either twenty-one days after serving it, or twenty-one days after service of a required responsive pleading or motion filed under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). As that period of time has passed in this case, Tepper-Barak may amend her pleading only with JM Lexus's written consent, which JM Lexus has not given, or the Court's leave, which the Court "should freely give . . . when justice so requires." *Id.* R. 15(a)(2); *see also Bank v. Pitt*, 928 F.3d 1108, 1112 (11th Cir. 1991) ("Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend his complaint before the district court dismissed the action with prejudice."). However, "[w]here a request for leave to file an amended complaint simply is imbedded within in opposition memorandum, the issue has not been raised properly." *Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 1999) (quoting *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1222 (11th Cir. 1999)) (internal quotation marks omitted). "Filing a motion is the proper method to request leave to amend a complaint," and in moving for leave to amend, a plaintiff must comply with Rule 7(b) by either "set[ting] forth the substance of the proposed amendment or attach[ing] a copy of the proposed

4

amendment." *Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999); *see also Doe v. Pryor*, 344 F.3d 1282 (11th Cir. 2003).

Tepper-Barak has done none of these things. She has not filed a motion, her request for leave to amend is secondary to her memorandum in opposition, she has not attached a copy of the proposed amendment, and she has not set forth the substance of the amendment in her request. *See McGirt v. Broward Coll.*, No. 15-62324, 2016 WL 1161093, at *3 (S.D. Fla. Mar. 23, 2016). The Eleventh Circuit has held that a district court acts well within its authority if it dismisses **with prejudice** a complaint in a case where, as here, "the plaintiff fail[s] to attach the proposed amendment or set forth the substance of the proposed amendment" but rather includes the request for leave to amend in a memorandum filed in opposition to the defendant's motion to dismiss. *United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1362 (11th Cir. 2006).[2]

That said, the Court will not punish the Plaintiff for her counsel's failure. The Court will dismiss the Complaint **without** prejudice and will consider granting leave to amend upon the filing of a proper motion.

---

[2]  In fact, in *McInteer*, the district court did not even address the plaintiff's failure to comply with the requirements for amendment when it dismissed his complaint with prejudice. Even so, the Eleventh Circuit, "assuming that [the plaintiff]'s request was the functional equivalent of the motion," affirmed the district court's *sub silentio* rejection of the request to amend "because it failed to include the proposed amendment or the substance thereof as required by *Long*." 470 F.3d at 1362.

5

**IV.     CONCLUSION**

Based on the foregoing, it is **ORDERED AND ADJUDGED** that the Defendant's Motion to Dismiss [ECF No. 8] is **GRANTED**. The Plaintiff's Complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE**.

This action is **CLOSED** and all other pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 18th day of October, 2016.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE